IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Cynthia Renee Bell, | ) | |
| | ) | Civil Action No. 9:17-1951-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Cynthia Renee Bell ("Bell"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for disability insurance benefit ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 19).[1] Bell has filed objections to the Report (ECF No. 22), and the Commissioner has responded to those objections (ECF No. 24). Accordingly, this matter is now ripe for review.

**I. Background**

On August 27, 2013, Bell applied for DIB, alleging a disability onset date of January 4, 2012, due to neck and shoulder pain, depression, anxiety, headaches, blurred vision, asthma, and high

---

[1]A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

blood pressure. (ECF Nos. 10-5 at 2; 10-8 at 16). On November 23, 2015, an Administrative Law Judge ("ALJ") held a hearing and heard testimony from Bell and a vocational expert ("VE"). (ECF No. 10-2 at 34-66).

On January 19, 2016, the ALJ denied Bell's claim for benefits. (ECF No. 10-2 at 13-27). In his decision, the ALJ found that Bell suffered from the following severe impairments: degenerative disc disease, degenerative joint disease, status post rotator cuff repair, asthma, obesity, and an affective disorder. (ECF No. 10-2 at 18). The ALJ concluded that, despite limitations, Bell could perform jobs that exist in significant numbers in the national economy. (ECF No. 10-2 at 26). Bell sought review of her case by the Appeals Council. (ECF No. 10-2 at 9). However, the Appeals Council denied Bell's request for review, making the ALJ's decision the final decision of the Commissioner. (ECF No. 10-2 at 2). This action followed.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an

uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

In her objections, Bell contends that the magistrate judge erred in recommending affirming the ALJ's decision and failing to find the ALJ had improperly discounted the opinions of her treating physicians, Drs. Husam Mourtada and William John Henry, III. (ECF No. 22 at 2).

"[T]he treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam); *see also Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987) ("[The treating physician] rule requires that the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence."). "A treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (citing 20 C.F.R. § 416.927). "Thus, '[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " *Id.* (*citing Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Id.* (citing *Hunter*, 993 F.2d at 35). The ALJ is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions.

*Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255-56 (4th Cir. 2017).

### A. Dr. Mourtada's Opinion

Dr. Mourtada treated Bell for pain management between July 17, 2013, and September 29, 2015, (ECF No. 10-17 at 33-63), and on October 15, 2015, Dr. Mourtada completed a clinical assessment of Bell in which he opined that Bell's pain would be such that any physical activity would be distracting to the adequate performance of daily activities or work. *Id.* at 61-63. He further opined that Bell's pain and/or the side effects of her medication could be expected to be severe and significantly limit her ability to work due to distraction, inattentiveness, and drowsiness. *Id.* Subsequently, on October 23, 2015, Dr. Mourtada noted that Bell "has exaggerated pain response which renders the exam very difficult." *Id.* at 35.

The ALJ gave little weight to the October 15, 2015 opinion of Dr. Mourtada (ECF No. 10-17 at 61-63) because it was "inconsistent with the objective evidence of record, which shows that the claimant's pain improved after fusion surgery and shows that the claimant is able to sing in a church choir, requiring both attention and concentration and sufficient breath, and visited Walt Disney World wither her family." (ECF No. 10-2 at 25) (internal citations omitted). The ALJ gave great weight to another treating physician, Dr. Timothy R. Brown, at the Hand Center (ECF No. 10-12 at 2) and the state agency consultants because he determined these opinions were consistent with the medical records. (ECF No. 10-2 at 25). The magistrate judge determined that the ALJ had not erred in his treatment of Dr. Mourtada's opinion. (Report at 17, 19-20).

In her objections, Bell argues that the reasons offered by the ALJ for giving Dr. Mourtada's opinion limited weight were not good reasons. (ECF No. 22 at 5). Further, she argues that there is a reference in the record to her complaining about neck pain on December 23, 2013 (ECF No. 10-16 at 70). *Id.* This reference is cursory and as the ALJ stated, on December 12, 2013, Bell reported that "her pain is completely gone." (ECF No. 10-16 at 2). Moreover, as the magistrate judge

determined, the ALJ's decision is supported by the record, including opinions from many other medical sources. (Report at 17-18). It is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *See Bird v. Comm'r,* 699 F.3d 337, 340 (4th Cir. 2012). The court agrees with the magistrate judge that there is substantial evidence in the entire record that supports the ALJ's decision.

### B. Dr. Henry's Opinion

On September 16, 2013, Dr. Henry opined that Bell would not be able to return to work. (ECF No. 10-14 at 49), and that she has been disabled since January 2012 (ECF No. 10-18 at 38 and 42).[2] Dr. Henry also performed two mental health evaluations on Bell - one on October 2, 2013, and the other on March 20, 2014. (ECF Nos.10-14 at 68; 10-16 at 99). The ALJ gave little weight to Dr. Henry's opinions because he noted that the low dosage of Celexa (10 mg per day) suggested minor mental limitations and Dr. Henry's treating notes indicated Bell's affective disorder was stable on that medication.. (ECF No. 10-2 at 24-25). Further, he noted that Dr. Henry, a primary care physician, did not refer Bell for formal mental health treatment. *Id.* The magistrate judge determined that the ALJ had not erred in his treatment of Dr. Henry's opinions. (Report at 17). In her objections, Bell concentrates on the ALJ's treatment of Dr. Mourtada's opinion and merely references that the ALJ also improperly discounted the opinions of Dr. Henry. In any event, the court agrees with the magistrate judge and finds that there is substantial evidence in the record to support the ALJ's decision to discount Dr. Henry's opinion.

### IV. Conclusion

Having conducted the required de novo review of the issues to which Bell has objected, the

---

[2]The court notes that Dr. Henry offered this opinion in a letter that had been prepared by Bell's attorney (ECF No. 10-18 at 39), and Dr. Henry made one minor change to the letter. (ECF No. 10-18 at 39, 40).

court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the magistrate judge in his Report and finds the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 19), and the Commissioner's decision is **AFFIRMED**.

    **IT IS SO ORDERED.**

                                                                           s/Timothy M. Cain
                                                                           United States District Judge

August 15, 2018
Anderson, South Carolina